**FARRELL LINES, INC.,**
v.
**UNITED STATES.**
No. 170-55.

United States Court of Claims.

Jan. 12, 1962.

Rehearing Denied May 9, 1962.

· J. Franklin Fort, Washington, D. C., for plaintiff. Kominers & Fort, Washington, D. C., were on the briefs.

Clare E. Walker, New York City, with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

In June 1946, plaintiff filed an application with the Maritime Commission, pursuant to the provisions of section 9

of the Merchant Ship Sales Act of 1946, 60 Stat. 41, 46, 50 U.S.C.A.Appendix, § 1742, for an adjustment in the price of six C3–S–BH2 vessels and two C2–S–B1 vessels which plaintiff had purchased from the Commission during the period 1942–1947. Section 9 of the Act provided that any shipowner, who had purchased a vessel from the Commission during the war years, was entitled to an adjustment in the price paid for the vessel sufficient to equalize its cost with the amount at which the same type of vessel was sold, under the Act, to postwar purchasers.

On May 9, 1949, plaintiff and the Commission executed an "Interim Agreement for Adjustment of Prior Sales to Citizens pursuant to section 9 of the Merchant Ship Sales Act of 1946." At that time the tax adjustments required by the Act were not determined, but, as subsequently determined, they were incorporated in an addendum executed by the parties on January 8, 1952. Plaintiff claims that certain of the adjustments made by the Commission were contrary to those required by the provisions of the Merchant Ship Sales Act, supra.

█ Defendant concedes that the agreement entered into pursuant to section 9 of the Act is no bar to the recomputation of an adjustment, if the adjustment, as originally made by the Commission, was in contravention of the statute. We so held in Moore-McCormack Lines, Inc. v. United States, Ct.Cl., 288 F.2d 898.

In Count I of its petition, plaintiff claims that the Commission improperly adjusted the price of the six C3–S–BH2 vessels to the higher "floor" price, rather than to the statutory sales price. However, in view of this court's decision in Alaska Steamship Co. v. United States, 158 F.Supp. 361, 141 Ct.Cl. 399, plaintiff has abandoned its claim under Count I.

In Count II plaintiff says that the Commission erred in making an adjustment in the price of the two C2–S–B1 vessels because of the improper manner in which it treated adjustments for desirable features and depreciation. Acceding to our decision in New York & Cuba Mail Steamship Co. v. United States, 172 F.Supp. 684, 145 Ct.Cl. 652, and in A. H. Bull Steamship Co. v. United States, 108 F.Supp. 95, 123 Ct.Cl. 520, defendant concedes the Commission erred in making these adjustments. However, defendant asserts, by way of counterclaim, that the Commission, contrary to the requirements of the Act, improperly computed the readjusted trade-in allowances on two vessels, which plaintiff traded in on the purchase of the six vessels involved in Count I, resulting in an allowance to plaintiff in excess of that to which it was entitled under section 9 of the Act.

The case is before us on plaintiff's motions to strike the Government's defenses and for summary judgment on Count II. Defendant has moved to remand the case to the Maritime Administration, the successor to the Maritime Commission.

█ If the readjusted trade-in allowances on the two vessels involved in defendant's counterclaim were made contrary to the requirements of the statute, then the agreement executed by the parties was not binding and is no bar to the recomputation of these allowances (Moore-McCormack Lines, Inc. v. United States, supra), and the Maritime Administration has the power to make a recomputation of the trade-in allowances.

█ Although, in 1950, the Committee on Expenditures in the Executive Department, 81st Congress, 2d Session, suggested that the Maritime Commission review and redetermine the allowances now in issue, and although the Commission conceded that it had improperly computed the trade-in allowances, neither the Maritime Commission nor its successor, the Maritime Administration, has yet made a redetermination of these allowances. Until it does so, or refuses to do so, this court has no jurisdiction to act upon defendant's counterclaim, since the computation of the trade-in allowances is the primary function of the agency to which Congress has delegated the responsibility for the administration of the Merchant Ship Sales Act.

Since plaintiff's motions require a decision by this court on the merits of defendant's counterclaim, they are premature and must be denied. Defendant's motion must also be denied, since we have no authority to remand the case to the Maritime Administration. However, further proceedings in this case will be held in abeyance, in order to afford the Maritime Administration a reasonable opportunity to make a recomputation of the trade-in allowances involved in defendant's counterclaim.

It is so ordered.

DARR, Senior District Judge, sitting by designation, JONES, Chief Judge, and DURFEE and LARAMORE, Judges, concur.